*(Circuit Court of Menard County.)*

## In the Matter of the Location of a Road in Menard County.

(March Term, 1872.)

1. CONSTITUTIONAL LAW—BENEFIT OF DOUBT SOLVED IN FAVOR OF LAW. Where it is not clear that a law is in conflict with the constitution the doubt should be solved in favor of the law.
2. ROADS—ESTABLISHING OF AS TAKING OF PROPERTY FOR PUBLIC USE. The establishment of a public road over the land of an individual, is a taking of private property for public use.
3. ROADS—ESTABLISHMENT OF—TAKING PROPERTY WITHOUT HAVING COMPENSATION DETERMINED BY JURY AS PROVIDED IN CONSTITUTION OF 1870. Although under the road law of 1845 as amended, private property can be taken for the purpose of establishing a road and the compensation determined by three householders appointed by the county court, these proceedings are not warranted under the constitution of 1870, which provides for the ascertainment of such damages by a jury.
4. SAME—REMEDY BY APPEAL. Nor is it material that the land owner has a remedy by appeal from the county court to the circuit court, where a jury trial could be had.

Proceeding under the road law of 1845 for the location of a road on a petition presented to the county commissioners. Heard in the circuit court before Judge Turner on appeal. The facts are stated in the opinion.

*S. S. Knoles,* of the Petersburgh bar, for certain parties.

TURNER, J.:—

This was a proceeding under the road law, R. S. of 1845 and amendment of 1855, to locate a road, on a petition presented to the county commissioners, and proceedings were had and an order made pursuant to that law, locating the road and fixing the damages as assessed by the three householders appointed by the county court, and appeal taken to the circuit court, where the appellant moves to dismiss the proceedings, for the reason that they are unwarranted by the law under the constitution of 1870. The constitution provides, art. 2, sec. 13, "Private property shall not be taken

or damaged for public use without just compensation. Such compensation, when not made by the state, shall be ascertained by a jury as shall be prescribed by law.''

The constitution being the supreme law of the state, the question presented is, whether this law, which was in force previous to its adoption, is not clearly in conflict with the express provisions of the constitution above quoted, for it is a well recognized principle in deciding upon the constitutionality of a law, that where the act of the legislature is not clearly in conflict with the constitution, the benefit of any doubt should be in favor of sustaining the law. Establishing a public road over the land of an individual, is a taking of private property for public use. If the owner does not consent to such taking, and does not release any claim that he has for compensation, then it must be ascertained by a jury to meet the requirements of the constitution. Does the law in question provide any mode by which such compensation can thus be ascertained?

It appears to me clearly that it does not.

It is insisted on the argument, that after all the requirements of the law have been complied with in the county commissioners' court, an appeal may be taken to the circuit court, where the demands of the constitution can be met by the intervention of a jury. It is also conceded that there is no other tribunal provided for in the law, where this requirement can be complied with, as the county commissioners' court is not a judicial body before which a jury could be called for that purpose.

The constitution being clear and explicit upon that point, it is very evident that without the intervention of a jury, the proceedings would not be such a compliance with its requirements as to justify the taking of the land for the public highway.

The law in question, makes the proceedings for the establishment of a road, complete, where the report of the viewers and commissioners appointed to assess damages, are approved and recorded in the county commissioners' court, un-

less an appeal be taken to the circuit court; yet it cannot be contended, that if the proceedings were to stop in the county commissioners' court, the road would be a legal highway, or that the owner of the land would be divested of the same. It must be admitted then, that when all the requirements of that law have been complied with, the demands of the constitution have not been satisfied, nor is it easy to conceive how they could be satisfied by following any of the provisions of that law.

The provision of the law for the assessment of damages or ascertaining compensation, by the appointment of three householders, is, under the constitution, a nullity; hence it is difficult to conceive how anything in the form of legal proceedings, which in themselves have no validity, should be considered a necessary part of the proceedings, to render any final result legal. If such a principle could be admitted, how could the final result be obtained in the circuit court? Suppose no one proposes to take an appeal from the county commissioners' court, the county cannot do it, and then the proceedings must necessarily fail for want of the intervention of a jury under the direction of a judicial tribunal.

The case of *Rich v. Chicago* [1] is referred to as authority to sustain the law under the constitution, but as I understand the decision of the supreme court in that case, it does not meet the difficulty presented in this. In view of the public necessities, it would be desirable to sustain the validity of the law, but it cannot be done in violation of well settled principles, and the legislature alone can afford relief.

The proceedings must be dismissed.

---

[1] 59 Ill. 286.—Ed.